UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.

ROBERT ALDEN PLUMB,

   Defendant.
_____/

Case No. 1:03-cr-95-01

HON. RICHARD ALAN ENSLEN

**OPINION**

   This matter is before the Court on Defendant Robert Alden Plumb's § 2255 Motion to Vacate, Set Aside, or Correct Sentence.

**I. Procedural History**

   On September 25, 2003, Defendant pled guilty to Count One which charged Defendant was a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 921(a) and 924(a)(2). On January 26, 2004, Defendant was sentenced by this Court to a term of 71 months imprisonment, ordered to pay a fine in the amount of $3,000.00 and a special assessment of $100.00. Count Two was dismissed at the time of sentencing. The Judgment was issued on January 29, 2004. Defendant did not appeal his sentence and his conviction became final on February 12, 2004. Defendant now makes a timely motion for relief under 28 U.S.C. § 2255 alleging four grounds of ineffective assistance of counsel. Upon review, this Court finds that an evidentiary hearing is not necessary because the files and records of the case conclusively show that Defendant is not entitled to relief. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

1

**II.     Standard of Review**

The Sixth Circuit Court of Appeals' decision in *Watson v. United States*, 165 F.3d 486 (6th Cir. 1999) summarized the basic legal standards for relief under section 2255 as follows:

> To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638, 113 S. Ct. 1710, 1721-1722, 123 L.Ed.2d 353 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

*Id.* at 488. Furthermore, relief under section 2255 is not intended to do service for an appeal. *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *see also Murr v. United States*, 200 F.3d 895, 900 (6th Cir. 2000) (citing *United States v. Frady*, 456 U.S. 152, 164-67 (1982)).

However, ineffective assistance of counsel does constitute a constitutional error. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984). In order to prevail on a claim of ineffective assistance, a defendant must show two things: first, that his counsel made errors so serious that he "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and second, "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The first prong of the test, attorney performance, is judged by "reasonableness under prevailing professional norms." *Id.* at 688. In evaluating this prong, the court must be "highly deferential" to counsel's performance and avoid being guided by the benefits of hindsight. *Id.* at 689 ("Every effort [must] be made to eliminate the distorting effects of hindsight"). In order to meet the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." *Id.* at 694.  A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome." *Id.*

**III.    Analysis**

Defendant alleges four grounds of ineffective assistance of counsel.  Defendant first alleges that he told counsel to file an appeal and counsel failed to do so. (Mot. at 5.)  The Sixth Circuit has held that "it is 'professionally unreasonable' for a lawyer to fail to file an appeal when specifically instructed to do so." *Regaldo v. United States*, 334 F.3d 520, 524-25 (6th Cir. 2003) (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  However, the *Roe* Court did not adopt a *per se* rule that an attorney must file an appeal unless specifically told otherwise.  *Roe*, 528 U.S. at 478; *see also Regalado*, 334 F.3d at 526.  Instead, a court must determine whether counsel "consulted" with a defendant as to the "advantages and disadvantages" of filing an appeal.  *Id.*

Defendant asserts that he consulted with counsel and asked counsel to file an appeal. (Mot. at 5.)  Counsel's deposition indicates that Defendant requested an appeal as to the two point enhancement to the base offense level that involves a "destructive device." (Frederick Dep. at 7-8.)  However, counsel made such an objection at the time of sentencing and the objection was granted. (Sen. Tr. at 5.)  Additionally, counsel's deposition indicates that there was never any discussion of filing an appeal based on other grounds and that counsel routinely files an appeal whenever a defendant requests an appeal, regardless of merit. (Frederick Dep. at 9, 11-12.)  For those reasons, the Court determines that counsel's failure to file an appeal was reasonable and Defendant fails to meet either prong of the *Strickland* standard as to the first ground asserted.

The second ground for ineffective assistance of counsel is that counsel failed to object to the Court's determination of sentence. Specifically, Defendant argues that the Court sentenced him at the high-end of the guideline range because the Court incorrectly believed that Defendant had two sawed-off shotguns in a previous conviction. (Mot. at 6) Upon review of the transcript of Defendant's sentencing, it is apparent the Court determined that an upward departure from the guideline range was appropriate and sentenced Defendant at the high end of the guideline range as a result of Defendant's extensive criminal history and Defendant's "history of reckless and dangerous behavior." (Sen. Tr. at 15-20.) At sentencing, counsel did argue that Defendant's criminal history overstated the seriousness of Defendant's criminal activities. (Sen. Tr. at 7-10.) Upon review, the Court determines counsel's actions were reasonable and Defendant fails to meet either prong of the *Strickland* standard. Therefore, Defendant's second ground for ineffective assistance will be denied.

The third ground for ineffective assistance of counsel is that counsel failed to object to the fact that certain events in his criminal history were not calculated as part of a common scheme or plan. (Mot. at 7-8.) Application Note 3 to U.S.S.G. § 4A1.2 defines "related" offenses for criminal history determination purposes as follows:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest .... Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

The Sixth Circuit held in *United States v. Hazelwood*, 398 F.3d 792 (6th Cir. 2005), that "the burden of showing such relatedness falls on the defendant." *Id.* at 797. Defendant fails to specify which past occurrences are related and should have been consolidated in determining his criminal history

4

score. Additionally, upon review of his criminal history, each of Defendant's past offenses have different arrest dates. (PSR, ¶¶ 44-51.) Since the offenses have intervening arrests, the offenses are precluded from consolidation under the Sentencing Guidelines and Sixth Circuit case law. *See* U.S.S.G. § 4A1.2, n. 3; *Hazelwood*, 398 F.3d at 797. Furthermore, Defendant's criminal history gives no indication that any of the prior occurrences where part of a single scheme or plan. (PSR, ¶¶ 44-51.)  Upon review, counsel was reasonable in failing to object to the calculation of Defendant's criminal history. Therefore, Defendant fails to meet the *Strickland* standard and Defendant's third ground for ineffective assistance will be denied.

The last ground for ineffective assistance of counsel is that counsel failed to object the imposition of a $3,000.00 fine with interest, as opposed to a $3,000.00 fine without interest. (Mot. at 9.) Counsel's deposition indicates that counsel chose to focus on obtaining the shortest sentence for Defendant. (Frederick Dep. at 21.) Defendant's fine was minimal[1] and the Court determines that counsel was reasonable in failing to object to the imposition of interest. Therefore, Defendant fails to meet the *Strickland* standard and Defendant's fourth ground for ineffective assistance will be denied.

**IV.  Conclusion**

For the above reasons, Defendant's Motion will be denied. Having so determined, pursuant to 28 U.S.C. § 2253, the Court must further determine whether to grant a certificate of appealability as to each of the issues raised. The Court has reviewed the issues individually as required by the decisions in *Slack v. McDaniel*, 529 U.S. 473 (2000) and *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th

---

[1] Defendant was ultimately given an offense level of 18 which resulted in a fine range under the Guidelines of $6,000.00 to $60,000.00. (Sen. Tr. at 20; U.S.S.G. § 5E1.2(c)(3).)

Cir. 2001).  Upon review, this Court finds that reasonable jurists would not find Defendant's positions debatable with respect to the substantive grounds for denying relief as to all issues asserted. *See Slack*, 529 U.S. at 482-85; *see also Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001).  Therefore, a certificate of appealability will be denied.

      A Final Order consistent with this Opinion shall issue.


Dated in Kalamazoo, MI:                              /s/Richard Alan Enslen
August 4, 2005                                       Richard Alan Enslen
                                                              United States District Judge